```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


GARY MAURICE BOB,                  :
                                   :
          Plaintiff                :
                                   :
     v.                            :   CIVIL NO. 3:CV-05-0657
                                   :
YORK COUNTY PRISON, ET AL.,        :   (Judge Conaboy)
                                   :
          Defendants               :
_____
```

**MEMORANDUM AND ORDER**
**Background**

Gary Maurice Bob, an inmate presently confined at the York County Prison, York, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 on April 1, 2005. Plaintiff has submitted a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Bob's complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants are the Adams County Prison, Gettysburg, Pennsylvania and its Warden Deborah Hankey. Plaintiff states that he was temporarily transferred to the Adams County Prison for the

---

1. Bob completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the warden of the York County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

purpose of attending a court proceeding.[2] His complaint alleges that an unidentified prison official[s] denied him permission to retain possession of his wedding ring and personal Bible during his temporary stay. He speculates that the confiscation of his personal property "was more personal harassment due to the fact my wife used to be employed by the prison. Doc. 1, ¶ 4. Plaintiff seeks an award of punitive damages and also asks that an investigation into his claims of constitutional misconduct be undertaken.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28

---

2. In a summary judgment motion filed on April 11, 2005, Plaintiff indicates he returned to the Adams County Prison for another 72 hours while awaiting a preliminary hearing. See Doc. 5, p. 1. His motion adds that all inmates entering the prison go through a mandatory 72 hour classification period during which they are permitted limited privileges and personal property.

(1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).[3] The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in</u> <u>forma</u> <u>pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1734 (1992).

As previously noted, the only Defendants named by Bob are the Adams County Prison and its Warden Deborah Hankey. A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

---

3. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Adams County Prison**

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

Similarly, a prison or correctional facility is not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to the above standards, the Adams County Prison is clearly not a person and may not be sued under § 1983. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

**Warden Hankey**

Civil rights claims also cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v.

Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

Rode, 845 F.2d at 1207.

Other than being named as a defendant, the complaint is completely silent with respect to Warden Hankey.  There is no allegation asserted that the alleged deprivations were ordered by the Warden or resulted from a prison policy or custom approved by the Warden.  Furthermore, Plaintiff's aforementioned summary judgment motion explains that based on information provided by prison guards, the 72 hour deprivation of his wedding ring and personal Bible resulted from a decision made by either the Shift Commander, Lieutenant or Shift Sergeant.  See Doc. 5, p. 2.  Bob's motion further states that the Warden is named as a Defendant only "because she is responsible for setting the standards of the rules and regulations inmate housing and treatment."  Id.

There are no allegations that the remaining Defendant had any knowledge, participation or acquiescence in the alleged deprivations.  It is apparent that the Plaintiff is attempting to establish liability against Warden Hankey solely on the basis of her supervisory capacity.  Consequently, under the standards announced in Rode, the claims against Defendant Hankey are appropriate for summary dismissal.

Since plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman, 904 F.2d at 195 n.3.[4] An appropriate Order will enter.

NOW, THEREFORE, THIS 5th DAY OF MAY, 2005, IT IS HEREBY ORDERED THAT:

1. The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).
2. The Clerk of Court is directed to close the case.
3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

S/Richard P. Conaboy

RICHARD P. CONABOY
United States District Judge

---

4. As previously noted, Bob asserts that he was returned to the Adams County Prison for an additional 72 hour temporary stay during April, 2005. Since that period of confinement post-dates the present complaint, any alleged constitutional claims relating to said confinement were clearly not included in his present complaint.

6